**EXHIBIT A**

FILED
2022 JUN 31 AM 10: 38
CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
DEPUTY

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
LIMITED ACTIONS DEPARTMENT

**JASON LEE KASZKO,**

        Plaintiff,

vs.

**RSH & ASSOCIATES LLC and EXPERIAN INFORMATION SOLUTIONS INC.,**

        Defendants.

Case Number: 22LM2108
Division: 11

## PETITION

COMES NOW Plaintiff Jason Lee Kaszko ("Plaintiff"), through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1. This is an action for damages brought by an individual consumer against the Defendant RSH & Associates LLC and Defendant Experian for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 et seq. the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 et seq. against Defendant RSH & Associates LLC.

2. Jurisdiction of this Court arises under 15 USC § 1692k(d), 15 U.S.C. §1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district under 28 U.S.C. §1391(b).

4. Plaintiff is a citizen of the State of Kansas.

5. Defendant RSH & Associates LLC is a Kansas limited liability company.

6. Defendant RSH & Associates LLC was and is engaged in the business of collecting consumer debts and reporting consumer credit information, within the State of

1

CM-22639-0499

Kansas.

7. Experian Information Solutions Inc. is a Delaware corporation.

8. Experian was and is engaged in the business of credit reporting, within the State of Kansas.

9. On September 28, 2021, Defendant RSH & Associates wrote Plaintiff a dunning letter demanding payment of $3,686.75 for payment to Stratford Commons Rehabilitation Center.

10. The debt belonged to Plaintiff's deceased father, Frank L. Kaszko, DOB 2/10/1943, DOD 5/30/2021.

11. The debt did not belong to Plaintiff.

12. The letter threatened Plaintiff by stating that if payment was not made, the case would be forwarded to an attorney within 25 days of the letter to file a lawsuit.

13. A lawsuit was never filed against Plaintiff for his father's debt.

14. However, Defendant RSH & Associates was reporting Plaintiff's father's debt on Plaintiff's credit report produced by Defendant Experian since August 2020 as a past due Collection Account.

15. Many of Plaintiff's creditors who accessed Plaintiff's credit for an account review saw this collection account on Plaintiff's Experian report.

16. When Plaintiff applied for credit with Nebraska Furniture Mart, Nebraska Furniture Mart accessed Plaintiff's credit and saw this past due collection account.

17. RSH & Associates unpaid collection account was the only negative mark on Plaintiff's Experian credit report when these creditors were accessing it.

18. On October 26, 2021, Plaintiff notified Experian of the reporting by sending a

dispute to Defendant Experian, asking Experian to investigate and contact RSH & Associates as required by 15 U.S.C. 1681i.

19. In the dispute, Plaintiff informed Experian that the debt belonged to Plaintiff's deceased father, Frank L. Kaszko, DOB 2/10/1943, DOD 5/30/2021, and provided a copy of the dunning letter from Defendant RSH & Associates.

20. Defendant Experian received Plaintiff's dispute on October 26, 2021, at 12:21 p.m. as evidenced by James Swanson's signature.

21. Upon information and belief, Mr. Swanson is an Experian employee and agent.

22. Upon information and belief, Defendant Experian forwarded Plaintiff's dispute to RSH & Associates for review.

23. Upon information and belief, Defendant RSH & Associates verified that Plaintiff's father's debt belonged to Plaintiff as evidenced by RSH & Associates' update to Plaintiff's Experian Credit report dated January 8, 2022.

24. RSH & Associates updated Plaintiff's Experian Credit report on January 8, 2022, continuing to state that Plaintiff owed the debt.

25. Subsequent to January 8, 2022, multiple creditors of Plaintiff saw this updated information when they reviewed Plaintiff's creditworthiness.

26. Defendant Experian never responded to Plaintiff regarding the results of its investigation.

27. The collection account continued to report on Experian Credit Report Number 2068-9492-64 dated February 7, 2022.

28. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and Plaintiff's credit

CM-22639-0499

worthiness.

29. Defendants have intruded upon Plaintiff's right to seclusion and invaded Plaintiff's privacy by reporting false and derogatory information on Plaintiff's credit reports for accounts and/or loans that Plaintiff does not owe. This invasion forces Plaintiff to take efforts to correct their name.

## Count I
## Violations of the Fair Credit Reporting Act
## Defendant Experian Information Solutions, Inc.

Comes now Plaintiff and for Count I against Defendant Experian and alleges to the Court:

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. Pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

32. Pertinent hereto, the Plaintiff Jason Lee Kaszko is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

33. Pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other

4

purpose authorized under 15 U.S.C. 1681b.

34. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Experian are liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendant Experian of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

35. In addition, Plaintiff disputed the inaccuracy to Defendant Experian.

36. Upon information and belief, the Credit Report Agency Defendants reported to the Defendant RSH & Associates LLC that Plaintiff disputed the charge-off, delinquency and false credit reporting.

37. Defendant Experian failed to correct the inaccuracies and reverified to Plaintiff that the reporting was accurate.

38. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Experian are liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendant Experian of information under 15 U.S.C. §1681i wherein the Defendants failed to use reasonable procedures to reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

39. The conduct of Defendant Experian were a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and Defendant Experian are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

CM-22639-0499

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against Defendant Experian based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e. Such other and further relief as may be necessary, just and proper.

### Count II
### Violations of the Fair Credit Reporting Act
### Defendant RSH & Associates LLC

Comes now Plaintiff and for Count II against Defendant RSH & Associates LLC and states and alleges to the Court:

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. Upon information and belief, the Defendant Experian reported to the Defendant RSH & Associates LLC that Plaintiff disputed the charge-off, delinquency and false credit reporting.

42. After Defendant Experian received Plaintiff's dispute, Defendant RSH & Associates LLC updated the reporting on Plaintiff's credit report, continuing to represent that the debt belonged to Plaintiff.

43. Despite receipt of the dispute, the Defendant RSH & Associates LLC failed to respond with truthful information, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the Defendant Experian, all in violation of the Act.

44. According to Defendant Experian' credit reports for Jason Lee Kaszko, the

Defendant RSH & Associates LLC continued to falsely report about Plaintiff after the dispute.

45. Defendant RSH & Associates LLC has likewise willfully or negligently, violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

46. Rather, Defendant RSH & Associates LLC continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the Plaintiff, as described more above.

47. Defendant RSH & Associates LLC failed to investigate or reinvestigate regarding consumer credit data it reported and repeatedly re-reported about Plaintiff.

48. Defendant RSH & Associates LLC failed to review all relevant and pertinent information provided to it by Defendant Experian.

49. Defendant RSH & Associates LLC knew or should have known that its reporting and activities would (and will) damage Plaintiff and ability to enjoy life and utilize the credit rating and reputation property rights secured by honoring obligations to all of creditors.

50. Defendant RSH & Associates LLC, furnisher-subscriber (creditor and collector) failed to acknowledge and respond with truthful information in response to Plaintiff's disputes and to advise the Defendant Experian of receipt of such disputes and complaints regarding consumer credit data they had been reporting and re-reporting about Plaintiff.

51. The conduct of Defendant RSH & Associates LLC was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and Defendant is liable to the Plaintiff for statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

CM-22639-0499

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendant RSH & Associates LLC for the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e. Such other and further relief as may be necessary, just and proper.

### Count III
### Violations of the Fair Debt Collection Practices Act
### Defendant RSH & Associates LLC

COMES NOW Plaintiff, and as for Count III against Defendant RSH & Associates LLC, states and alleges:

52. Plaintiff incorporates herein the preceding paragraphs as though set forth.

53. Defendant RSH & Associates LLCwas and is engaged in the business of collecting consumer debts in Kansas.

54. The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act under 15 USC §1692k(d).

55. This is an action for damages brought by an individual consumer for Defendant RSH & Associates LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

56. Plaintiff is a consumer as defined by 15 USC § 1692a(3) of the FDCPA.

57. The principal purpose of Defendant RSH & Associates LLC is the collection of consumer debts using the mails and telephone, and Defendant RSH & Associates LLC regularly

CM-22639-0499

attempts to collect debts alleged to be due another.

58. Defendant RSH & Associates LLC is a debt collector as defined by 15 USC §1692a(6) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

59. Credit reporting is a form of debt collection activity.

60. The Defendant RSH & Associates LLC was attempting to collect a consumer debt as defined by 15 USC §1692a (5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

61. The standard in determining whether the Defendant RSH & Associates LLC violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 6 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

62. 15 U.S.C. §1692e entitled false or misleading representations states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) the false representation of-- the character,

amount, or legal status of any debt; (5) the threat to take any action that cannot legally be taken or that is not intended to be taken; (8) communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

63. 15 U.S.C. § 1692f entitled unfair and deceptive practices A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

64. Defendant RSH & Associates LLC violated 15 U.S.C. § 1692f by attempting to collect a debt that did not belong to Plaintiff.

65. Defendant RSH & Associates LLC violated 15 U.S.C. §1692e(5) by threatening to sue Plaintiff with no intent to follow through.

66. The above-described acts are misleading to the least sophisticated consumer.

67. Defendant RSH & Associates LLC's acts, were done intentionally to coerce Plaintiff to pay the alleged debt.

68. Because of the above violations of the stated Act, the Defendant RSH & Associates LLC is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 under 15 U.S.C. § 1692k; costs and reasonable attorney's fees under 15 U.S.C. §1692 k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant RSH & Associates LLC for actual damages; statutory damages under 15 U.S.C.

CM-22639-0499

§1692k; costs and reasonable attorney's fees under 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

*Respectfully submitted,*

By: /s/ Matthew Robertson
A.J. Stecklein           KS #16330
Michael H. Rapp          KS #25702
Matthew Robertson        KS #27254
Samuel E. Miller         KS #28843
STECKLEIN & RAPP CHARTERED
748 Ann Avenue, Suite 101
Kansas City, Kansas 66101
Telephone:   (913) 371-0727
Facsimile:   (913) 371-0127
Email: aj@kcconsumerlawyer.com
       mr@kcconsumerlawyer.com
       msr@kcconsumerlawyer.com
       sm@kcconsumerlawyer.com
**Attorneys for Plaintiff**

CM-22639-0499