**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**
**KANSAS CITY**

| | | |
|---|---|---|
| JASON LEE KASZKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| RSH & ASSOCIATES, LLC, | ) | Case No. 2:22-CV-02316 |
| | ) | |
| and | ) | |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| RSH & ASSOCIATES, LLC, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TUTERA SENIOR LIVING & | ) | |
| HEALTH CARE, LLC. | ) | |
| | ) | |
| Third Party Defendant. | ) | |

**FIRST AMENDED THIRD PARTY COMPLAINT**

COMES NOW Defendant and Third-Party Plaintiff RSH & Associates, LLC ("RSH"),

for its Amended Third-Party Complaint against Third Party Defendant Tutera Senior Living &

Healthcare, LLC ("Tutera") states and alleges as follows:

**INTRODUCTION**

1.      Defendant and Third-Party Plaintiff RSH files this Third-Party Complaint seeking

defense and indemnification pursuant to a written contract (and the terms and conditions included

and/or incorporated into that contract by reference) with Third-Party Defendant Tutera. RSH seeks to recover from Tutera the costs associated with defending the lawsuit filed by Plaintiff Jason Kaszko (including but not limited to attorneys' fees) and any damages or loss which may be imposed upon RSH from the claimed damages of Plaintiff Jason Lee Kaszko.

## PARTIES

2.      RSH & Associates, LLC is a limited liability company registered under the laws of Kansas.

3.      Tutera Senior Living & Healthcare, LLC is a limited liability company organized under the laws of Missouri. Tutera maintains its principal place of business in Missouri, but regularly transacts business in the state of Kansas.  Tutera owns and/or operates the facility known as Stratford Commons Rehabilitation and Health Center.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The above-captioned action was properly removed to this District Court pursuant to 28 U.S.C. § 1441(a).

5.      The claims asserted in this Action arose within this district and the damage caused by Tutera's conduct occurred in this district. Venue of this Action is proper pursuant to 28 U.S.C. § 1391.

## GENERAL FACTUAL ALLEGATIONS

6.      On March 13, 2017, RSH entered into a Confidential Collection Services Agreement ("CSA") with Tutera.

7.      The CSA lists Tutera Senior Living & Healthcare as "Client" and RSH as "Agency".

8.    The CSA included, in pertinent part, a provision that stated as follows – "[Tutera] shall indemnify and hold harmless [RSH] from and against any and all loss and/or liability that may arise out of any action taken, permitted or neglected by [Tutera] in connection with the information forwarded to [RSH] including, but not limited to, its accuracy."

9.    At all relevant times after executing the CSA, the standard practice of Tutera was to provide RSH with a spreadsheet or summary of information needed for RSH to perform its collection services.  Tutera did not provide RSH with any backup or supporting documentation related to the debtor accounts forwarded to RSH for collection.

10.    On August 28, 2020, RSH was provided a spreadsheet from Tutera with a list of accounts that Tutera wanted RSH to collect on.  One of those accounts related to Frank and Jason Kaszko (the "Kaszko Account").  As usual, the information from Tutera did not include any supporting documentation or the backup for any of the accounts, including but not limited to the Kaszko Account.

11.    The information provided by Tutera to RSH on the Kaszko Account showed that Frank Kaszko was the patient for the account and that Jason Kaszko was the guarantor.  RSH reasonably relied on the information provided by Tutera on the Kaszko Account.

12.    Pursuant to the CSA and based on the information provided by Tutera, RSH initiated steps to collect the debt reportedly owed by Plaintiff on Kaszko Account.

13.    On September 28, 2021, RSH wrote Plaintiff a demand letter for payment of $3,686.75 for payment to Stratford Commons Rehabilitation Center.

14.    Experian never provided RSH any notification that Plaintiff disputed the validity of the debt on the Kaszko Account.

15.    Plaintiff did not dispute the debt in writing until April 28, 2022.

16.     Tutera never provided RSH with a copy of the supporting documentation.  Tutera maintains that Plaintiff signed the guarantor agreement on the Kaszko Account.  RSH did not have a copy of the Guarantor Agreement until after Plaintiff filed his lawsuit.

17.     On April 28, 2022, Plaintiff sent a letter to RSH disputing the debt in writing for the first time.

18.     On May 4, 2022, Plaintiff's attorney sent a letter – commonly known as a *Nelson v. Miller* letter – to Stratford Commons (Tutera) regarding concerns about the debt purportedly owed by Plaintiff on the Kaszko Account.

19.     On May 12, 2022, Tutera informed RSH that the account was closed (no reason provided by Tutera to RSH), that no payments were received, and that RSH was to stop all collection activity.  RSH complied and no further collection

20.      On July 1, 2022, Plaintiff filed a lawsuit in the District Court of Wyandotte County, Kansas.  [Doc. 1].  Plaintiff asserts that RSH and Experian both violated the FCRA and that RSH violated the FDCPA.  *Id.*  As to the claims against RSH, Plaintiff alleges that RSH attempted to collect a debt – the Kaszko Account – from Plaintiff that did not belong to him.  The allegations in Plaintiff Kaszko's Petition are incorporated herein by reference as though the same were fully set forth, with RSH expressly denying liability for such allegations as set forth in its Answer.

21.     Plaintiff's claims are directly related and based on the accuracy of (or lack thereof) the information provided by Tutera to RSH on the Kaszko Account.

22.     At all relevant times, Tutera informed RSH that Plaintiff was the guarantor on the Kaszko Account provided to RSH for collection.

## COUNT I
## (CONTRACTUAL DEFENSE AND INDEMNIFICATION)

23.     RSH incorporates and realleges the preceding paragraphs in this Third-Party Complaint as though fully stated herein.

24.     RSH entered into the CSA with Tutera in March of 2017.

25.     The CSA contains express contractual defense and indemnification provisions in the paragraph entitled "Insurance and Indemnification".

26.     The contractual defense and indemnification provisions of the CSA require Tutera to provide a defense for and indemnity to RSH for any claim of "loss and or liability that may arise out of any action taken, permitted or neglected by [Tutera] in connection with the information forwarded to [RSH] including, but not limited to, its accuracy."

27.     Based on the express terms of the CSA and the nature of Plaintiff's allegations, RSH is entitled to a defense, and indemnification from Tutera for any judgment rendered against RSH in favor of Plaintiff, and all costs, expenses, and attorneys' fees incurred by RSH.

28.     On September 19, 2022, RSH sent a letter to Tutera demanding a defense and indemnification related to Plaintiff's lawsuit.  To date, Tutera has failed and/or refused to accept RSH's tender of defense and demand for indemnification.

29.     Tutera has breached the CSA by failing or refusing to defend and/or indemnify RSH with respect to the claims asserted in this lawsuit by Plaintiff.

30.     As a direct result of that breach, RSH has suffered damages, including but not limited to the expense and cost of defense, and the exposure to the risks associated with this lawsuit, and will continue to incur such damages in the future.

WHEREFORE, RSH requests of this Court the following: (a) In the event that judgment is entered against it and in favor of Plaintiff, for the Court to enter judgment in its favor of RSH and against Tutera for the full amount of any such judgment plus the costs, expenses, and attorneys' fees incurred by RSH; (b) Enter judgment in the amount of expenses, costs, and attorneys' fees incurred by RSH in defending against the Plaintiff's lawsuit and prosecuting this Third-Party Complaint; (c) Alternatively, compel Tutera to assume the defense of RSH against Plaintiff's Petition, including an obligation to indemnify RSH, if necessary; and (4) Award such other relief as it may deem just and proper.

**COUNT II**
**(EQUITABLE INDEMNIFICATION AND CONTRIBUTION)**

31.     RSH incorporates and realleges the preceding paragraphs in this Third-Party Complaint as though fully stated herein.

32.     Plaintiff's allegations against RSH relate directly to the actions or omissions of Tutera.

33.     Should RSH be found liable to Plaintiff, then RSH is entitled to equitable indemnification and/or contribution from Tutera in any and all amounts that RSH may be required to pay because of RSH's collection efforts that were based on allegedly inaccurate information received from Tutera.

WHEREFORE, RSH requests of this Court the following: (a) In the event that judgment is entered against it and in favor of Plaintiff, for the Court to enter judgment in its favor of RSH and against Tutera for the full amount of any such judgment plus the costs, expenses, attorneys' fees incurred by RSH, and interest; (b) Enter judgment in the amount of expenses, costs, interest, and attorneys' fees incurred by RSH in defending against the Plaintiff's lawsuit and prosecuting this Third-Party Complaint; (c) Alternatively, compel Tutera to assume the defense of RSH against

Plaintiff's Petition, including an obligation to indemnify RSH, if necessary; and (4) Award such other relief as it may deem just and proper.

## COUNT III
## (NEGLIGENT MISREPRESENTATION)

34.    RSH incorporates and realleges the preceding paragraphs in this Third-Party Complaint as though fully stated herein.

35.    Tutera owed RSH a duty to provide RSH with accurate information pursuant to the CSA that would permit RSH to adequately perform its collection services.

36.    Tutera breached its duty to the extent it provided RSH with inaccurate or untruthful information related to the Kaszko Account.

37.    Based on Tutera's misrepresentation, RSH took steps to collect the debt on the Kaszko Account.

38.    RSH reasonably relied – pursuant to the CSA and prior practice with Tutera – on the representations and information provided by Tutera in its collection efforts on the Kaszko Account.

39.    Tutera knew, or should have known, the information provided to RSH was inaccurate.

40.    As a direct and proximate result of Tutera's negligent misrepresentation(s), RSH was damaged because it was sued by Plaintiff and required to expend attorneys' fees and costs associated with the lawsuit and in any amounts that Plaintiff may be awarded against RSH, if any, for the claims.

WHEREFORE, RSH requests of this Court the following: (a) In the event that judgment is entered against it and in favor of Plaintiff, for the Court to enter judgment in its favor of RSH and against Tutera for the full amount of any such judgment plus the costs, expenses, interest, and

attorneys' fees incurred by RSH; (b) Enter judgment in the amount of expenses, costs, interest, and attorneys' fees incurred by RSH in defending against the Plaintiff's lawsuit and prosecuting this Third-Party Complaint; and (c) Award such other relief as it may deem just and proper.

## COUNT IV
## (DECLARATORY JUDGMENT)

41.    RSH incorporates and realleges the preceding paragraphs in this Third-Party Complaint as though fully stated herein.

42.    RSH entered into the CSA with Tutera, which required Tutera to defend and indemnify RSH for "any and all loss and/or liability that may arise out of any action taken, permitted or neglected by Client [Tutera] in connection with the information forwarded to Agency [RSH] including, but not limited to, its accuracy."

43.    An actual controversy exists between RSH and Tutera regarding the rights and obligations under the CSA.

44.    RSH has a tangible legal interest in the right to obtain a defense and indemnification resulting from the CSA and Plaintiff's allegations.

WHEREFORE, RSH requests the Court grant the following relief: (a) Find and declare that Tutera is obligated to provide and pay for the defense of RSH in relation to Plaintiff's lawsuit; (b) Find and declare that Tutera is obligated to indemnify RSH with respect to any judgment awarded against RSH with respect to Plaintiff's claims; (c) Award RSH its reasonable attorneys' fees and costs pursuant to the CSA; and (d) Award such other and further relief the Court deems just and reasonable.

Respectfully submitted by:

**SANDERS WARREN & RUSSELL LLP**

*/s/ Sean M. Sturdivan* _____

Sean M. Sturdivan      KS Bar No. 21286
Compass Corporate Centre
11225 College Boulevard, Suite 450
Overland Park, Kansas  66210
Phone: (913) 234-6100
Fax:     (913) 234-6199
Email: s.sturdivan@swrllp.com
***Attorneys for Defendant RSH & Associates, LLC***

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 22nd day of November, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to all registered users.

*/s/ Sean M. Sturdivan* _____
**ATTORNEY**