IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY

| | |
|---|---|
| JASON LEE KASZKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-02316 |
| | ) |
| RSH & ASSOCIATES, LLC | ) |
| and | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| RSH & ASSOCIATES, LLC, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TUTERA SENIOR LIVING & | ) |
| HEALTH CARE, L.L.C., | ) |
| | ) |
| Third-Party Defendant. | ) |

**THIRD-PARTY DEFENDANT TUTERA SENIOR LIVING & HEALTH CARE, L.L.C.'S ANSWER AND COUNTERCLAIM TO THIRD-PARTY PLAINTIFF RSH & ASSOCIATES, LLC'S FIRST AMENDED THIRD PARTY COMPLAINT**

Third-Party Defendant Tutera Senior Living & Health Care, L.L.C. ("Defendant Tutera") appears by and through counsel, Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., and for its Answer and Counterclaim to Third-Party Plaintiff RSH & Associates, LLC's ("RSH") First Amended Third Party Complaint, states and alleges as follows:

**Introduction**

1. Defendant Tutera admits the allegation contained in paragraph 1 of the First Amended Third Party Complaint that a written contract between Defendant Tutera and RSH

1

exists. Defendant Tutera denies any allegation that RSH is entitled to indemnification from Defendant Tutera. With regard to the remaining allegations contained in paragraph 1 of the First Amended Third Party Complaint, there are no allegations against Defendant Tutera that require an answer. To the extent an answer is required, the allegations are denied.

## Parties

2.     Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 2 of the First Amended Third Party Complaint and therefore denies the same.

3.     Defendant Tutera denies the allegation contained in paragraph 3 of the First Amended Third Party Complaint that Defendant Tutera owns and/or operates the facility known as Stratford Commons Rehabilitation and Health Center. Defendant Tutera admits the remaining allegations contained in paragraph 3 of the First Amended Third Party Complaint.

## Jurisdiction and Venue

4.     The allegations of paragraph 4 of the First Amended Third Party Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 4 of the First Amended Third Party Complaint and therefore denies the same.

5.     Defendant Tutera denies the allegation in paragraph 5 of the First Amended Third Party Complaint that any alleged damage was the result of Defendant Tutera's conduct. Defendant Tutera is without sufficient information to admit or deny the remaining allegations contained in paragraph 5 of the First Amended Third Party Complaint and therefore denies the same.

**General Factual Allegations**

6. Defendant Tutera admits the allegation in paragraph 6 of the First Amended Third Party Complaint that RSH entered into a Confidential Collection Services Agreement ("CSA") with Defendant Tutera. Defendant Tutera is without sufficient information to admit or deny the remaining allegations contained in paragraph 6 of the First Amended Third Party Complaint and therefore denies the same.

7. With regard to paragraph 7 of the First Amended Third Party Complaint, Defendant Tutera states that the CSA speaks for itself.

8. With regard to paragraph 8 of the First Amended Third Party Complaint, Defendant Tutera states that the CSA speaks for itself.

9. In response to the allegations in paragraph 9 of the First Amended Third Party Complaint, Defendant Tutera admits that it provided information to RSH related to various collection matters. Defendant Tutera denies the allegation that it did not provide backup or supporting documentation to RSH related to the collection matters, as Defendant Tutera and RSH developed a procedure in which RSH would collect supporting documentation from Defendant Tutera via the digital access Defendant Tutera provided to RSH. Defendant Tutera is without sufficient information to admit or deny the remaining allegations contained in paragraph 9 of the First Amended Third Party Complaint and therefore denies the same.

10. In response to the allegations in paragraph 10 of the First Amended Third Party Complaint, Defendant Tutera admits that it provided information to RSH relating to the Kaszko Account. Defendant Tutera denies the allegation that insinuates that RSH did not have access to the supporting documentation. Defendant Tutera is without sufficient information to admit or

deny the remaining allegations contained in paragraph 10 of the First Amended Third Party Complaint and therefore denies the same.

11. In response to the allegations in paragraph 11 of the First Amended Third Party Complaint, Defendant Tutera admits that the Kaszko Account information provided shows Frank Kaszko as the patient and Jason Kaszko as the guarantor. Defendant Tutera is without sufficient information to admit or deny the remaining allegations contained in paragraph 11 of the First Amended Third Party Complaint and therefore denies the same.

12. Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 12 of the First Amended Third Party Complaint and therefore denies the same.

13. Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 13 of the First Amended Third Party Complaint and therefore denies the same.

14. Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 14 of the First Amended Third Party Complaint and therefore denies the same.

15. Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 15 of the First Amended Third Party Complaint and therefore denies the same.

16. In response to the allegations in paragraph 16 of the First Amended Third Party Complaint, Defendant Tutera admits that Jason Kaszko was listed as the guarantor for the Kaszko Account. Defendant Tutera denies the allegation that insinuates that RSH did not have access to the supporting documentation. Defendant Tutera is without sufficient information to

admit or deny the remaining allegations contained in paragraph 16 of the First Amended Third Party Complaint and therefore denies the same.

17. Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 17 of the First Amended Third Party Complaint and therefore denies the same.

18. Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 18 of the First Amended Third Party Complaint and therefore denies the same.

19. Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 19 of the First Amended Third Party Complaint and therefore denies the same.

20. In response to the allegations in paragraph 20 of the First Amended Third Party Complaint, Defendant Tutera admits that Plaintiff filed a lawsuit in the District Court of Wyandotte County, Kansas on July 1, 2022. With regard to the remaining allegations contained in paragraph 20 of the First Amended Third Party Complaint, Defendant Tutera states that Plaintiff's Petition speaks for itself.

21. Defendant Tutera denies the allegation in paragraph 21 of the First Amended Third Party Complaint that it provided inaccurate information to RSH. Defendant Tutera is without sufficient information to admit or deny the remaining allegations contained in paragraph 21 of the First Amended Third Party Complaint and therefore denies the same.

22. Defendant Tutera admits the allegation in paragraph 22 of the First Amended Third Party Complaint.

## **Count I – Contractual Defense and Indemnification**

23. With regard to paragraph 23 of the First Amended Third Party Complaint, Defendant Tutera repeats and restates each and every response to paragraph 1 through 22 of the First Amended Third Party Complaint as if fully set forth herein.

24. In response to the allegations in paragraph 24 of the First Amended Third Party Complaint, Defendant Tutera admits that RSH signed the CSA with Tutera in March 2017.

25. With regard to paragraph 25 of the First Amended Third Party Complaint, Defendant Tutera states that the CSA speaks for itself.

26. With regard to paragraph 26 of the First Amended Third Party Complaint, Defendant Tutera states that the CSA speaks for itself.

27. Defendant Tutera denies the allegations in paragraph 27 of the First Amended Third Party Complaint.

28. Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 28 of the First Amended Third Party Complaint and therefore denies the same.

29. Defendant Tutera denies the allegations in paragraph 29 of the First Amended Third Party Complaint.

30. Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 30 of the First Amended Third Party Complaint and therefore denies the same.

**Count II – Equitable Indemnification and Contribution**

31. With regard to paragraph 31 of the First Amended Third Party Complaint, Defendant Tutera repeats and restates each and every response to paragraph 1 through 30 of the First Amended Third Party Complaint as if fully set forth herein.

32. Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 32 of the First Amended Third Party Complaint and therefore denies the same.

33. Defendant Tutera denies the allegations in paragraph 33 of the First Amended Third Party Complaint.

**Count III – Negligent Misrepresentation**

34. With regard to paragraph 34 of the First Amended Third Party Complaint, Defendant Tutera repeats and restates each and every response to paragraph 1 through 33 of the First Amended Third Party Complaint as if fully set forth herein.

35. The allegations of paragraph 35 of the First Amended Third Party Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 35 of the First Amended Third Party Complaint and therefore denies the same.

36. Defendant Tutera denies the allegations in paragraph 36 of the First Amended Third Party Complaint.

37. In response to the allegations contained in paragraph 37 of the First Amended Third Party Complaint, Defendant Tutera denies that it misrepresented information relating to the Kaszko Account. Defendant Tutera is without sufficient information to admit or deny the

remaining allegations contained in paragraph 37 of the First Amended Third Party Complaint and therefore denies the same.

38.  Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 38 of the First Amended Third Party Complaint and therefore denies the same.

39.  Defendant Tutera denies the allegations in paragraph 39 of the First Amended Third Party Complaint.

40.  Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 40 of the First Amended Third Party Complaint and therefore denies the same.

## Count IV – Declaratory Judgment

41.  With regard to paragraph 41 of the First Amended Third Party Complaint, Defendant Tutera repeats and restates each and every response to paragraph 1 through 40 of the First Amended Third Party Complaint as if fully set forth herein.

42.  With regard to paragraph 42 of the First Amended Third Party Complaint, Defendant Tutera states that the CSA speaks for itself.

43.  Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 43 of the First Amended Third Party Complaint and therefore denies the same.

44.  Defendant Tutera is without sufficient information to admit or deny the allegations contained in paragraph 44 of the First Amended Third Party Complaint and therefore denies the same.

WHEREFORE, having fully answered RSH's First Amended Third Party Complaint, Defendant Tutera requests that RSH's First Amended Third Party Complaint be dismissed, or in the alternative, for judgment in favor of Defendant Tutera, that Defendant Tutera be awarded its costs and expenses incurred herein, and for such other and further relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. The denials, admissions, and allegations made in paragraphs number 1 through 44 of this Answer to Third-Party Plaintiff's First Amended Third Party Complaint are incorporated herein by reference as though set out in full.

2. RSH's third-party claims against Defendant Tutera fail to state a claim upon which relief can be granted.

3. RSH's claims are barred because Defendant Tutera fully performed and discharged in good faith each and every obligation under the CSA, if any, owed to RSH.

4. RSH's claims are barred for failure to establish the requisite elements for a breach of contract.

5. Defendant Tutera provided accurate information to RSH relating to the Kaszko Account.

6. The actions giving rise to Plaintiff's underlying Petition against RSH were caused by, and the result of, the conduct and actions of RSH. RSH had full access to any and all documentation relating to the Kaszko Account, provided by Defendant Tutera, and any information not obtained by RSH was due to RSH's own choice and inaction.

7. Plaintiff's underlying Petition against RSH was a result of negligence or misconduct on the part of RSH in its collection practices and procedures.

8. RSH, and only RSH, communicated with Jason Kaszko regarding the underlying debt.

9. Upon information and belief, RSH continued to attempt to collect the underlying debt from Jason Kaszko after Jason Kaszko contested the debt several times to RSH.

10. Defendant Tutera did not report any debt on Jason Kaszko's credit report—RSH did.

11. RSH has failed to mitigate its damages.

12. RSH is not entitled to indemnification under the CSA.

13. Defendant Tutera reserves the right to amend its Answer to assert additional affirmative defenses and counterclaims established by the facts of this case during the course of investigation and discovery in this case, up to and including trial.

WHEREFORE, Defendant Tutera requests that RSH's First Amended Third Party Complaint be dismissed, or in the alternative, for judgment in favor of Defendant Tutera, that Defendant Tutera be awarded its costs and expenses incurred herein, and for such other and further relief as the Court deems just and proper.

**COUNTERCLAIM OF TUTERA SENIOR LIVING & HEALTH CARE, L.L.C.**

1. Counterclaim Plaintiff Tutera Senior Living & Health Care, L.L.C. ("Tutera") incorporates each of its answers, allegations, and defenses asserted in response to Third Party Plaintiff's First Amended Third Party Complaint.

2. RSH & Associates, LLC ("RSH") is a Kansas limited liability company organized under the laws of the State of Kansas. RSH can be served through its registered agent, Randy Hairgrove, at 14635 W. 95th Street, Lenexa, Kansas 66215.

3. RSH and Tutera entered into a Confidential Collection Services Agreement ("CSA"), signed by RSH on March 13, 2017 and signed by Tutera on April 5, 2017.

4. RSH agreed to provide debt collection services to Tutera. As part of that debt collection, Tutera agreed to provide and did provide RSH digital access to information and documents related to various accounts in arrears, including the Kaszko Account, to aid RSH in the collection of debts.

5. Tutera uploaded information related to the Kaszko Account into RSH's database.

6. Upon information and belief, RSH may not have obtained and accessed the supporting documentation Tutera provided to RSH, relating to the Kaszko Account.

7. Upon information and belief, after Plaintiff Jason Kaszko disputed the debt that RSH attempted to collect, RSH continued to attempt to collect the debt.

8. To the extent RSH reported the underlying debt on Jason Kaszko's credit report, RSH made this decision in its own discretion.

9. Plaintiff Jason Kaszko's underlying Petition against RSH was a result of negligence or misconduct on the part of RSH in its collection practices and procedures.

10. The CSA provides: "Agency [RSH] will indemnify and hold harmless Client [Tutera] from actions brought or claims made by consumer, which claims are a result of negligence or misconduct on the part of the Agency [RSH] in its collection procedures."

## Count I – Breach of Contract

11. Tutera incorporates herein by reference the allegations contained in all paragraphs above.

12. RSH and Tutera entered into the CSA in April 2017.

13. The underlying Petition filed by Plaintiff Jason Kaszko alleges that RSH attempted to collect a debt after being informed by the purported debtor that the debt was improper.

14. The action brought by Jason Kaszko against RSH was a result of negligence or misconduct on the part of RSH in its collection procedures.

15. The CSA requires that RSH indemnify and hold harmless Tutera from actions brought or claims made by a consumer, which claims are a result of negligence or misconduct on the part of RSH in its collection procedures.

16. The underlying Petition arose out of RSH's own negligence and misconduct. Despite this, RSH elected to file a First Amended Third Party Complaint against Tutera. RSH has breached the CSA by seeking indemnification from Tutera for RSH's own negligence or misconduct, as the CSA requires that RSH hold Tutera harmless for RSH's own negligence or misconduct.

17. As a result of RSH's breach of the CSA, Tutera has suffered damages, including the expense and cost of defense, and these damages will continue to incur during the pendency of this lawsuit.

WHEREFORE, Tutera requests that the Court grant judgment in favor of Tutera and against Third-Party Plaintiff, RSH, for the costs of defense of this action arising out of the claim made by Plaintiff Jason Kaszko, including all costs and attorneys' fees; and for such other relief the Court deems just and proper.

## Count II – Declaratory Judgment

18. Tutera incorporates herein by reference the allegations contained in all paragraphs above.

19. Tutera and RSH entered into the CSA, which provides: "Agency [RSH] will indemnify and hold harmless Client [Tutera] from actions brought or claims made by consumer, which claims are a result of negligence or misconduct on the part of the Agency [RSH] in its collection procedures."

20. An actual controversy exists between RSH and Tutera regarding the rights and obligations under the CSA.

21. By reason of the foregoing, a declaratory judgment is both necessary and ripe to set forth and determine the rights and obligations that exist among the parties pursuant to the terms of the CSA.

WHEREFORE, Tutera prays for judgment against RSH as follows:

 a. Declaring that Tutera is not required to provide either a defense or indemnity under the CSA for RSH's actions and Jason Kaszko's resulting claims in the underlying Petition;

 b. Declaring that RSH is required to indemnify and hold harmless Tutera from the third-party action brought by RSH arising out of the action brought by a consumer, Jason Kaszko;

 c. Award Tutera its reasonable attorneys' fees and costs under the CSA; and

 d. Any other relief the Court deems just and proper.

Respectfully submitted,

**MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, L.LP.**

s/ Scott B. Haines
Samuel P. Heaney    KS #26399
Scott B. Haines     KS #17509
9401 Indian Creek Parkway
Building 40, Suite 1150
Overland Park, Kansas 66210
Tele: (913) 491-5500
Fax: (913) 491-3341
spheaney@martinpringle.com
sbhaines@martinpringle.com
*Attorneys for Third-Party Defendant,*
*Tutera Senior Living & Health Care, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2022, the above and foregoing was electronically filed via the CM/ECF system to provide electronic notice to all counsel of record.

s/ Scott B. Haines
Scott B. Haines